IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK WILLIAM KARASH,<br>Plaintiff | )<br>)<br>) | C.A. 15-184 Erie |
| v. | )<br>) | |
| ERIE COUNTY MUNICIPALITY, et al.,<br>Defendants. | )<br>)<br>) | Magistrate Judge Baxter |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter.

## I. INTRODUCTION

### A. Relevant Procedural and Factual History

On July 21, 2015, Plaintiff Frederick William Karash, an adult resident of North East, Pennsylvania, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff subsequently filed an amended complaint on November 6, 2015 [ECF No. 12], which is deemed to have superseded the original complaint and is the operative pleading in this case.[2] Named as Defendants are: Erie County Municipality ("Erie County"); The Honorable Stephanie Domitrovich of the Erie County Court of Common Pleas ("Judge Domitrovich"); The Honorable Carol Southwick (incorrectly identified by Plaintiff as "Carol Southworth"), Erie County Magisterial District Judge ("Judge Southwick"); Jack Daneri, Erie County District

---

[1] All parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 35, 36, 37].

[2] The Court acknowledges that Plaintiff filed a second amended complaint on December 9, 2015 [ECF No. 27];

1

Attorney ("Daneri"); Nate Strasser (incorrectly identified by Plaintiff as "Nate Strausser"), Erie County Assistant District Attorney ("Strasser"); and Court of Common Pleas of Erie County, PA ("Erie County Court").

In his amended complaint, Plaintiff raises claims under the first, fourth, and fourteenth amendments to the United States Constitution, as well as state tort claims of malicious prosecution, criminal conspiracy, and fraud. In particular, Plaintiff alleges that: (1) Defendant Daneri was aware that the Pennsylvania State Police conducted an illegal search and seizure at his residence on July 25, 2013, yet he "presented legal arguments to the Court against suppression of the evidence" that was obtained in the search and used to charge Plaintiff with various criminal charges, which were subsequently *nolle prossed*; (2) Defendant Erie County failed to protect his constitutional rights, encouraged the State Police to bring "trumped up charges" that he was speeding, and harassed him by threatening to change the charges if he did not plead guilty; (3) Defendant Strasser swore at him for refusing to participate in plea negotiations; (4) Defendant Daneri has lied to the public regarding other incidents involving police officers and has created an environment where prosecutors withhold legally discoverable evidence; (5) Defendant Judge Domitrovich "protects Attorney Generals who commit perjury, routinely ignores Constitutional statutes, relevant case law, and the rules of criminal/civil procedure" and "also supplants herself as investigator and refuses to recuse herself despite being inclined by statute to do so;" and (6) Defendant Judge Southwick improperly acted as an investigator, participated in *ex parte* communications with Defendant Strasser and a State

---

however, it is virtually identical to the first amendment and adds nothing further of substance in this case.

Trooper, and openly refused to acknowledge the United States Constitution. As relief for his claims, Plaintiff seeks injunctive relief and monetary damages.

On November 23, 2015, Defendants Erie County Court, Judge Domitrovich, and Judge Southwick filed a motion to dismiss [ECF No. 19], arguing that: (1) Plaintiff's claims against them are barred by the *Younger* abstention doctrine; (2) Plaintiff's claims against Defendant Erie County Court, and his official capacity claims against Defendants Judge Domitrovich and Judge Southwick, are barred by Eleventh Amendment immunity; and (3) Plaintiff's claims against Defendants Judge Domitrovich and Judge Southwick are barred by absolute judicial immunity. On November 30, 2015, the Defendants Erie County, Daneri, and Strasser filed a motion to dismiss [ECF No. 24], arguing that: (1) Plaintiff's claims are barred by the *Younger* abstention doctrine; (2) Plaintiff's claims regarding his speeding conviction are barred by the *Rooker-Feldman* doctrine; (3) Plaintiff's claims against Defendants Daneri and Strasser are barred by absolute prosecutorial immunity; and (4) Plaintiff's claims against Defendant Erie County are barred by the doctrine of *respondeat superior*. Plaintiff has since filed responses to Defendants' motions [ECF Nos. 28 and 29]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to

3

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at

4

556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing

5

Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. *Younger* Abstention Doctrine

According to the record before this Court, Plaintiff's prosecution for speeding in Erie County Docket No. 74-2015 is currently pending on appeal before the Pennsylvania Superior Court. (See ECF No. 24-2, Summary Appeal Docket). Because Plaintiff's claims principally arise from the prosecution of this case, both sets of Defendants argue that this Court should abstain from entertaining the instant civil action until Plaintiff's state criminal proceedings are concluded, under the abstention doctrine established by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Supreme Court held that it is appropriate for a federal court to abstain from hearing a civil suit when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Wattie-Bey v. Attorney General's Office, 424 Fed.Appx 95, 96-97 (3d Cir. 2011) ("[i]n certain circumstances, district courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceedings").

6

In general, Younger abstention applies where a federal plaintiff seeks to enjoin state court proceedings. See Marks v. Stinson, 19 F.3d 873, 882 (3d Cr. 1994). That is precisely the case here, as Plaintiff seeks an "immediate injunction to seize [sic] and desist prosecution … and dismiss this case CP 74 of 2015." (ECF No. 12, Amended Complaint, at p. 3). Moreover, it is clear that all three requirements of the *Younger* abstention doctrine are met, as the judicial proceeding remains pending, the criminal proceedings implicate important state interests, and the state proceedings afford an adequate opportunity for Plaintiff to raise the claims he has brought here. Thus, Plaintiff's claims are barred by the *Younger* abstention doctrine in the event the state court proceedings remain pending at this time. Given the passage of time since the filing of the briefs in this matter, however, the Court will address the remaining arguments raised by Defendants in the alternative.

### 2. **Defendant Erie County Court**

Defendant Erie County Court asserts that Plaintiff claims against it are barred by Eleventh Amendment immunity. The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985), citing Alabama v. Pugh, 438 U.S. 781 (1978).

In Benn v First Judicial District, 426 F.3d 233 (3d Cir. 2005), the Third Circuit ruled that

Pennsylvania's court entities, such as the Erie County Court, are state entities entitled to full Eleventh Amendment immunity. See also Reiff v. Philadelphia Court of Common Pleas, 827 F.Supp. 319 (E.D.Pa. 1993) (Court of Common Pleas of Philadelphia is a state entity which cannot be sued under § 1983); Robinson v. Court of Common Pleas of Philadelphia, 827 F.Supp. 1210 (E.D.Pa. 1993) (Court of Common Pleas of Philadelphia County is a state entity entitled to Eleventh Amendment immunity). Moreover, as an agency or arm of the Commonwealth of Pennsylvania, Defendant Erie County Court is not a "person" against whom a civil rights action may be brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claims against Defendant Erie County Court are barred by Eleventh Amendment immunity and will be dismissed.

### 3.     **Defendants Judge Domitrovich and Judge Southwick**

Defendants Judge Domitrovich and Judge Southwick argue that Plaintiff's claims against them are barred by the doctrine of absolute judicial immunity. The Court agrees.

It is generally accepted that judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356.

Furthermore, in 1996, Congress enacted the Federal Courts Improvement Act ("FCIA"), Pub.L.No. 104-317, 110 Stat. 3847 (1996), in which it amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or

omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." The clear purpose of the FCIA is to protect judges from injunctive suits challenging actions taken in their adjudicatory capacities.[3]

Thus, judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." <u>Mireles</u>, 502 U.S. at 11-12. In this case, the challenged actions or inactions of Defendants Judge Domitrovich and Judge Southwick were clearly taken in their judicial capacity and were within their respective jurisdictions. In addition, there is no claim or evidence that any declaratory decree was violated or that declaratory relief is unavailable in this case. Moreover, to the extent Plaintiff requests declaratory relief, such a claim is also barred by judicial immunity, as this is "no more than an implicit predicate to [his] request for damages." <u>Hansen v. Ahlgrimm</u>, 520 F.2d 768, 770 (7th Cir. 1975); <u>Isely v. Bucks County</u>, 549 F.Supp. 160, 166 (E.D.Pa. 1982). Accordingly, Plaintiff's claims against Defendants Judge

---

[3] In recommending enactment of the FCIA's amendment of Section 1983, the Senate Judiciary Committee found the following:

> This section restores the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in <u>Pulliam v. Allen</u>, 466 U.S. 522 (1984) ...
>
> In <u>Pulliam</u>, the Supreme Court broke with 400 years of common-law tradition and weakened judicial immunity protections. The case concerned a State magistrate who jailed an individual for failing to post bond for an offense which could be punished only by a fine and not incarceration. The Defendant filed an action under 42 U.S.C. 1983, obtaining both an injunction against the magistrate's practice of requiring bonds for non-incarcerable offenses, and an award of costs, including attorney's fees. The Supreme Court affirmed, expressly holding that judicial immunity is not a bar to injunctive relief in section 1983 actions against a State judge acting in a judicial capacity, or to the award of attorney's fees under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. 1988. Those statutes are now amended to preclude awards of cost and attorney's fees against judges for acts taken in their judicial capacity, and to bar injunctive relief unless declaratory relief is inadequate.

S. REP. No. 104-366, at 36-7 (1996), <u>reprinted in</u> 1996 U.S.C.C.A.N. 4202, 4216-17.

Domitrovich and Judge Southwick are barred by the doctrine of absolute judicial immunity and will be dismissed.

### 4. **Defendants Daneri and Strasser**

Defendants Daneri and Strasser seek dismissal of Plaintiff's claims against them based upon the doctrine of absolute prosecutorial immunity.

A prosecutor engaged in "activities intimately associated with the judicial phase of the criminal process" is absolutely immune from section 1983 money damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). Prosecutors engaged in solely administrative or investigative duties are not likewise immune. Rose v. Bartle, 871 F.2d 331, 343 (3d Cir. 1989). Courts confronted with claims challenging a prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" when attempting to apply absolute immunity. Ross v. Morgan, 638 F.2d 646, 648 (3d Cir. 1981). *See also* Rose v. Bartle, 871 F.2d at 343.

Actions that relate to the prosecutor's role as an advocate are "judicial" actions. Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980). For example, prosecutors are absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role. *See* Rose; Imbler; Ross. In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit. In Imbler, the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." Imbler, 424 U.S. at 431, n. 33. Thus, prosecutors are absolutely immune from liability for filing false

charges or initiating a prosecution, Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992), or for deciding not to initiate a prosecution, Isley v. Bucks County, 549 F. Supp. 160, 161 (E.D. Pa. 1982).

Here, Plaintiff's claims against Defendants Daneri and Strasser are clearly judicial in nature. As a result, said Defendants are immune from liability under the doctrine of absolute prosecutorial immunity and the claims against them will be dismissed.

### **5.** **Defendant Erie County**

Defendant Erie County argues that it should be dismissed from this action because Plaintiff's claims against it are based solely on its status as the employer of Defendants Daneri and Strasser.

Municipal liability under §1983 requires the plaintiff to prove the existence of a policy or custom that resulted in a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978). Here, Plaintiff has failed to allege the existence of a policy or custom on behalf of Defendant Erie County that allegedly resulted in a constitutional violation. Furthermore, a policy, custom or practice cannot arise from one incident, i.e., the alleged false arrest and/or malicious prosecution of Plaintiff. See, e.g., Turner v. City of Philadelphia, 22 F.Supp.2d 434, 437 (E.D.Pa. 1998), quoting Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) ("Absent unusual circumstances, 'proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'"). Thus, Plaintiff has failed to state a viable municipal liability claim

11

against Defendant Erie County, and such claim will be dismissed accordingly.

An appropriate Order follows.